HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
BENJAMIN A. GERSON, NY BAR #5505144
Assistant Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorney for Defendant
PEDRO MELENDEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>PEDRO MELENDEZ,<br><br>         Defendant. | Case No.  6:18-mj-00034-JDP<br><br>JOINT MOTION TO DISMISS PROBATION VIOLATION; VACATE HEARING AND TERMINATE PROBATION<br>ORDER<br><br>Date:  December 15, 2020<br>Time: 10:00 a.m.<br>Judge: Hon. Helena M. Barch-Kuchta |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that as soon as this matter can be heard before the Honorable United States Magistrate Judge Helena Barch-Kuchta the parties, through their respective counsel, Sean Anderson, Yosemite Legal Officer, counsel for the government, and Benjamin A. Gerson, Assistant Federal Defender, counsel for the defendant, Pedro Melendez, hereby stipulate and jointly move this Court to dismiss the affidavit of alleged probation violation, vacate the hearing currently scheduled for December 15, 2020 and terminate Mr. Melendez's sentence of probation.

This motion is made pursuant to the United States Constitution; Federal Rules of Criminal Procedure, Rule 12(b)(2); Eastern District of California Local Rule Crim 16-440; and all applicable statutory and case law.

This motion is supported by this Notice of Motion; the Memorandum of Points and

Authorities; the attached exhibits; the files and records of this case; and such argument and further law and evidence as may be presented.

## MOTION

The parties jointly move the court to dismiss the pending probation violation, vacate the admit/deny hearing scheduled for December 15, 2020, and terminate Mr. Melendez's sentence of probation. This motion is made based on facts known to the parties which are not disputed and therefore a hearing on the parties do not request further hearing on the matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Pedro Melendez is currently scheduled for an admit/deny hearing on December 15, 2020. At that hearing he anticipates entering a denial to Charge One of the alleged probation violation: failing to obtain his driver's license, and raising the affirmative defense of his indigence. After settlement discussions the parties jointly file the instant motion in the interest of preserving judicial resources. The parties are in agreement that Mr. Melendez is indigent, and that the only obstacle to him fulfilling the final obligation of his sentence of probation is money. Furthermore, the interests of the government are satisfied by Mr. Melendez's substantial compliance in adhering to the terms of his extended probation without a new law violation, his payment of fines and surcharges to the court, and the public safety interest in his completion of the California DUI class. The parties note that because Mr. Melendez has completed his California DUI class, Charge Two of the alleged probation violation is moot.

### Procedural Posture and Relevant Facts

On September 18, 2018, Pedro Melendez pleaded guilty to one count of driving while privilege revoked in violation of California Vehicle Code 14601.1 as incorporated by 36 C.F.R. § 4.2. The Honorable United States Magistrate Judge Jeremy D. Peterson subsequently sentenced Mr. Melendez to 18 months unsupervised probation with standard conditions, $600.00 in fines and surcharges, completion of the California Department of Motor Vehicles multi-offender DUI class, a prohibition on operating a motor vehicle with any detectable amount of alcohol in his blood, and requiring that Mr. Melendez obtain his driver's license. The final condition being

subject to modification should the California Department of Motor Vehicles policies pose a barrier to completion. See ECF #4. Despite interruptions caused by the 2019 Bryceburg fire, Mr. Melendez had paid his fine in full and was enrolled in the California DUI class by November 2019. See ECF #11. On February 6, 2020, the parties stipulated to extend Mr. Melendez's term of probation to allow him time to finish the California DUI program. On September 2, 2020 the government filed a probation violation alleging that Mr. Melendez had not completed the DUI course and had not obtained his driver's license. On September 15, 2020 Mr. Melendez appeared telephonically for an initial appearance on the alleged probation violation. At that time Mr. Melendez explained to the undersigned defense counsel that he had in fact completed the California DUI class, but because of work interruptions due to the coronavirus pandemic he did not have the funds to pay the fees for the course, and so the provider would not give him his certificate of completion. After being advised of his rights, the case was continued to December 15, 2020 for an admit/deny hearing and to allow Mr. Melendez time to gather the necessary funds to pay for his DUI class certificate. On December 1, 2020 Mr. Melendez, having secured the necessary funds, provided proof of completion of his DUI class to the government.

Since that time, Mr. Melendez has been laid off and is effectively homeless. He previously worked at DL Wholesale in Livermore, CA. Being out of work has left Mr. Melendez truly indigent. Because of the severe backlog he has yet to be approved or receive any unemployment benefits, and has not been able to find new employment. He currently does not have a permanent address and stays with friends and relatives. He subsists on a small amount of money his mother sends him periodically.

Because of his ongoing indigence he has been unable to pay the California DMV the necessary fees to reinstate his license. The California DMV requires Mr. Melendez to acquire an SR-22 through his insurance company, which must accompany the purchase of an insurance policy, and pay approximately $200.00 in reinstatement fees to the DMV. Mr. Melendez has been unable to find a new job and has been unable to borrow enough money to pay these fees as of the instant filing. Mr. Melendez is currently scheduled for an admit/deny hearing on December 15, 2020. At that hearing he anticipates entering a denial to failing to obtain his

driver's license based on the affirmative defense of his indigence.

**Legal Standard**

If a probationer has made reasonable efforts to pay a fine, but is unable to do so through no fault of his own, it is fundamentally unfair to revoke probation without considering adequate alternatives. *Bearden v. Georgia*, 421 U.S. 660 at 668-669. In revocation proceedings for failure to pay a fine, a sentencing court must inquire into the reasons for the failure to pay and determine whether the probationer willfully neglected his obligations or is unable to pay through no fault of his own. *Bearden* at 672. The government's interest in punishment and deterrence may be fully served by alternative sentencing. *Id.* at 671-672.

**Argument**

In *Bearden v. Georgia*, 461 U.S. 660 (1983) the petitioner pleaded guilty and received a deferred sentence on the condition that he pay a total of $750.00 in fines and restitution. After making a partial payment, the petitioner lost his job and notified his probation officer that he would be late with the remaining payments. The probation officer immediately filed a probation violation, and the petitioner was re-sentenced to prison. *Bearden*, at 662-663. On review, the Supreme Court held that the Due Process clause required an inquiry into whether a probationer's non-payment is willful or a result of his indigence. To gloss over such inquiry and summarily imprison a defendant for non-payment runs against ideas of fundamental fairness. *Id.* at 666. In *Bearden* the Court noted that the record supported a finding of the petitioner's indigence: he had little formal education and was barely literate, was unemployed, and had made bona fide efforts to make his initial payments by borrowing money from his parents.

The Ninth Circuit, applying *Bearden*, relies on a two-step analysis. First, the court must inquire whether the probationer has made reasonable efforts to pay the fine, and yet cannot do so through no fault of his own. Second, if the court finds in the affirmative, it must consider adequate alternative methods of punishment. *United States v. Glaspell*, 959 F.2d 242 (9th Cir. 1992) citing *United States v. Keith*, 754 F.2d 1388, 1391 (9th Cir.), cert. denied, 474 U.S. 829 (1985) ("incarceration of an offender for noncompliance with a restitution order be preceded by a determination that the offender has not made bona fide efforts to pay, or, if the offender has

1  made such efforts, that alternative punishments will not satisfy the penological interests of the
2  Government.")
3        In the instant case, the violation at issue is analogous to a failure to pay court imposed
4  fines and surcharges.  While the letter of Mr. Melendez's sentence requires him to obtain a
5  driver's license, all substantive requirements, other than payment of DMV fees, have been met.
6  Indeed the main barrier to the reinstatement of his driver's license was the California DUI class,
7  which he completed as part of his obligations to this court.  There is no question that his inability
8  to have his license reinstated is a matter of money, not of effort or willingness.
9        Applying the two part test from *Glaspell* the court must first determine whether bona fide
10 efforts have been made to pay. The government and defense counsel in this case agree that Mr.
11 Melendez has made such efforts.  His initial payments of his fines to the court were in large part
12 timely, acknowledging the interruptions caused by the Bryceburg fire.  Mr. Melendez enrolled in
13 the 18 month California multi-offender DUI class and consented, through counsel, to the
14 extension of his probation term in order to complete the lengthy program, indicating his
15 willingness to complete his obligations.  At the termination of that program, he was unemployed,
16 but made efforts to retrieve his certificate by collecting the necessary funds to pay program fees.
17 Finally, he is clearly aware of his obligations to the California DMV, specifically the
18 requirement he obtain an SR-22 and the fee amounts owing, indicating that he has made the
19 efforts to inquire into the necessary steps, even though he lacks the resources to execute them.
20       Because the parties agree that Mr. Melendez has made bona fide efforts and do not have
21 reason to believe he has been intentionally dilatory, the parties ask the court to consider the
22 second step in the *Glaspell* analysis, whether alternative sentences will satisfy the penological
23 interests of the state.  The parties are again in agreement that Mr. Melendez's sentence to date is
24 satisfactory.  First, the public safety interests are satisfied by Mr. Melendez completing the DUI
25 class.  Second, Mr. Melendez has already served an additional nine months, for a total of 27
26 months of probation, without a new law violation.  Third, Mr. Melednez has paid his fines and
27 surcharges to the court, serving the government's interest in punishment.  Fourth, Mr. Melendez
28 has made efforts to apprise himself of the necessary steps to obtain his driver's license, even

though he lacks the means to fully execute those steps, indicating the successful deterrence of the conduct to which he pleaded guilty. On this final point it is also worth noting the Honorable Judge Peterson's allowance for flexibility in obtaining a driver's license given the strictures of the California DMV. See. ECF #4. This flexibility satisfies the mandate of *Bearden* and *Glaspell* in allowing for alternative sentencing methods when obstacles to indigent probationers exist.

**Conclusion**

For the aforementioned reasons the parties now move the court to grant the requested relief in dismissing the affidavit of alleged probation violation, vacating the admit deny hearing scheduled for Dec. 15, 2020, and terminating Mr. Melendez's sentence of probation. Because the parties are in agreement as to the relevant facts, the parties move the court to grant relief without a hearing.

Respectfully submitted,

McGREGOR SCOTT
United States Attorney

Dated:  December 10, 2020          */s/ Sean Anderson*
                                    Sean Anderson
                                    Acting Legal Officer
                                    National Park Service
                                    Yosemite National Park

                                    HEATHER E. WILLIAMS
                                    Federal Defender

Date: December 10, 2020             */s/ Benjamin Gerson*
                                    Benjamin Gerson
                                    Assistant Federal Defender
                                    Counsel for Defendant
                                    Pedro Melendez

**ORDER**

This matter comes before the Court upon the parties Joint Motion to Dismiss Probation Violation, Vacate Hearing and Terminate Probation filed December 10, 2020 (Joint Motion, Doc. No. 22). The Court, having considered the parties' Joint Motion, the stipulated facts, and applicable law, and finding good cause, dismisses the affidavit of alleged probation violation, vacates the admit deny hearing scheduled for Dec. 15, 2020, and terminates the sentence of probation in the matter of *United States v. Pedro Melendez*, case no.6:18-mj-00034.

IT IS SO ORDERED.

Dated:   December 11, 2020

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE